New York and elsewhere, JOHN YANNUCCI, MICHAEL DELUCA, STEVE BUSCEMI, and LEONARD CHETTI, the defendants, and others known and unknown, the defendants, unlawfully, willfully, and knowingly did participate in the use of extortionate means to collect and attempt to collect extensions of credit, and to punish such person for the non-repayment of said extensions of credit, as those terms are defined in Title 18, United States Code, Sections 891(5) and 891(7), to wit, the defendants and others participated in the use of extortionate means to collect an extension of credit that they made to Victim #4, in violation of Title 18, United States Code, Sections 894 and 2.

(Title 18, United States Code, Section 1962(c).)

### COUNT TWO

### The Racketeering Conspiracy

The Grand Jury further charges:

24.    Paragraphs 1 through 12 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

25.    From in or about the early 1990s, up through and including in or about July 2005, in the Southern District of New York and elsewhere, MATTHEW IANNIELLO, a/k/a "Matty the Horse," CIRO PERRONE, JOHN YANNUCCI, SALVATORE ESPOSITO, a/k/a "Zookie," STEVE BUSCEMI, MICHAEL DELUCA, LEONARD CHETTI, and JULIUS BERNSTEIN, a/k/a "Spike," the defendants, and others known and

26

unknown, being persons employed by and associated with the
racketeering enterprise described in Paragraphs 1 through 12
above, namely, the Genovese Organized Crime Family, which
enterprise was engaged in, and the activities of which affected,
interstate and foreign commerce, unlawfully, willfully, and
knowingly combined, conspired, confederated, and agreed together
and with each other to violate 18 U.S.C. § 1962(c), to wit, to
conduct and participate, directly and indirectly, in the conduct
of the affairs of that enterprise through a pattern of
racketeering activity, as that term is defined in Title 18,
United States Code, Sections 1961(1) and 1961(5).  The pattern of
racketeering through which the defendants agreed to conduct the
affairs of the enterprise consisted of the acts set forth more
fully in paragraphs 15 through 23 of Count One of this
Indictment, as Racketeering Acts One through Nine, which are
incorporated as if fully set forth herein.  It was a further part
of the conspiracy that each defendant agreed that a conspirator
would commit at least two acts of racketeering activity in the
conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

### COUNT THREE

(Conspiracy to Obstruct Justice)

The Grand Jury further charges:

26.   From in or about January 2005, up through and including in or about June 2005, in the Southern District of New York and elsewhere, MATTHEW IANNIELLO, a/k/a "Matty the Horse," CIRO PERRONE, JOHN YANNUCCI, SALVATORE ESPOSITO, a/k/a "Zookie," JULIUS BERNSTEIN, a/k/a "Spike," ANN CHIAROVANO, SALVATORE BATTAGLIA, and DANIEL CILENTI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to corruptly obstruct, influence, and impede an official proceeding, to wit, the defendants attempted to and did obstruct, influence, and impede an investigation of a federal grand jury in the Southern District of New York by, among other things, providing false, misleading, and incorrect information regarding the involvement of the Genovese Organized Crime Family in the affairs of Local 1181 of the Amalgamated Transit Union.

(Title 18, United States Code, Section 1512(k).)

### COUNT FOUR

(Obstruction of Justice)

The Grand Jury further charges:

27.   From in or about January 2005, up through and including in or about June 2005, in the Southern District of New

28

York and elsewhere, MATTHEW IANNIELLO, a/k/a "Matty the Horse,"
CIRO PERRONE, JOHN YANNUCCI, SALVATORE ESPOSITO, a/k/a "Zookie,"
JULIUS BERNSTEIN, a/k/a "Spike," ANN CHIAROVANO, SALVATORE
BATTAGLIA, and DANIEL CILENTI, the defendants, and others known
and unknown, unlawfully, willfully, and knowingly did corruptly
obstruct, influence, and impede an official proceeding, and did
attempt to do so, to wit, the defendants attempted to and did
obstruct, influence, and impede an investigation of a federal
grand jury in the Southern District of New York by, among other
things, providing false, misleading, and incorrect information
regarding the involvement of the Genovese Organized Crime Family
in the affairs of Local 1181 of the Amalgamated Transit Union.

(Title 18, United States Code, Sections 1512(c) and 2.)

## COUNT FIVE

(False Statements to Government Officials)

The Grand Jury further charges:

28.  On or about March 23, 2005, in the Southern
District of New York and elsewhere, in a matter within the
jurisdiction of the executive branch of the Government of the
United States, ANN CHIAROVANO, the defendant, did unlawfully,
willfully, and knowingly falsify, conceal, and cover up by trick,
scheme, and device a material fact, and make a materially false,
fictitious, and fraudulent statement and representation, to wit,
among other things, CHIAROVANO falsely told agents of the Federal

29

Bureau of Investigation that she had never discussed the affairs of Local 1181 with MATTHEW IANNIELLO, a/k/a "Matty the Horse," CIRO PERRONE, or SALVATORE ESPOSITO, a/k/a "Zookie," and that she had not discussed her recent grand jury subpoena with CIRO PERRONE.

(Title 18, United States Code, Section 1001.)

### COUNT SIX

(False Statements to Government Officials)

The Grand Jury further charges:

29. On or about March 24, 2005, in the Southern District of New York and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, JULIUS BERNSTEIN, a/k/a "Spike," the defendant, did unlawfully, willfully, and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact, and make a materially false, fictitious, and fraudulent statement and representation, to wit, among other things, BERNSTEIN falsely told agents of the Federal Bureau of Investigation that there was no relationship whatsoever between Local 1181 and MATTHEW IANNIELLO, a/k/a "Matty the Horse," CIRO PERRONE, or SALVATORE ESPOSITO, a/k/a "Zookie," that he had never sought assistance from IANNIELLO, PERRONE, or ESPOSITO in connection with Local

30

1181's affairs, and that IANNIELLO played no role in Local 1181's decision to hire a particular employee.

(Title 18, United States Code, Section 1001.)

### COUNT SEVEN

(Conspiracy to Extort a Medical Center
Located In Jamaica, New York)

The Grand Jury further charges:

30.   From in or about 1997, up through and including in or about July 2005, in the Southern District of New York and elsewhere, MATTHEW IANNIELLO, a/k/a "Matty the Horse," JULIUS BERNSTEIN, a/k/a "Spike," and MAURICE NAPOLI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, the owners and operators of a medical center located in Jamaica, New York, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

31

## COUNT EIGHT

(Extortion of a Medical Center
Located in Jamaica, New York)

The Grand Jury further charges:

31.  From in or about 1997, up through and including in or about July 2005, in the Southern District of New York and elsewhere, MATTHEW IANNIELLO, a/k/a "Matty the Horse," JULIUS BERNSTEIN, a/k/a "Spike," and MAURICE NAPOLI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit extortion, and did attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, the owners and operators of a medical center located in Jamaica, New York, which consent was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, with the backing of IANNIELLO and the assistance of NAPOLI, BERNSTEIN demanded and received regular payments from the tenants of office space leased by Local 1181 — namely, the owners and operators of a medical center in Jamaica, New York.

(Title 18, United States Code, Sections 1951 and 2.)

32

## COUNT NINE

(Conspiracy to Influence Operations of an Employee Benefit Plan)

The Grand Jury further charges:

32.   From in or about 1997, up through and including in or about July 2005, in the Southern District of New York and elsewhere, MATTHEW IANNIELLO, a/k/a "Matty the Horse," JULIUS BERNSTEIN, a/k/a "Spike," and MAURICE NAPOLI, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the laws of the United States, to wit, Title 18, United States Code, Section 1954.

33.   It was a part and an object of the conspiracy that MATTHEW IANNIELLO, a/k/a "Matty the Horse," JULIUS BERNSTEIN, a/k/a "Spike," and MAURICE NAPOLI, the defendants, knowing that BERNSTEIN was an officer, agent, and employee of an employee organization whose members were covered by an employee welfare benefit plan, to wit, the Division 1181 A.T.U. — New York Welfare Fund, unlawfully, willfully, and knowingly would and did receive and agree to receive and solicit a fee, kickback, commission, gift, loan, money, and thing of value because of and with the intent to be influenced with respect to BERNSTEIN's actions, decisions, and other duties relating to a question and matter concerning such plan, in violation of Title 18, United States Code, Section 1954.

33

## Overt Acts

34.   In furtherance of this conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about 2004, MAURICE NAPOLI placed repeated telephone calls to the owners, operators, and/or staff of a medical center in Jamaica, New York.

b.   In or about 2004, MAURICE NAPOLI collected cash from a medical center in Jamaica, New York.

c.   In or about 2004, MAURICE NAPOLI distributed a portion of the funds that he had collected from the medical center to high-ranking officials of Local 1181, including JULIUS BERNSTEIN, a/k/a "Spike."

(Title 18, United States Code, Section 371.)

### COUNT TEN

(Influencing Operations of an Employee Benefit Plan)

The Grand Jury further charges:

35.   From in or about 1997, up through and including in or about July 2005, in the Southern District of New York and elsewhere, MATTHEW IANNIELLO, a/k/a "Matty the Horse," JULIUS BERNSTEIN, a/k/a "Spike," and MAURICE NAPOLI, the defendants, knowing that BERNSTEIN was an officer, agent, and employee of an employee organization whose members were covered by an employee

34

welfare benefit plan, to wit, the Division 1181 A.T.U. — New York

Welfare Fund, unlawfully, willfully, and knowingly received and

agreed to receive and solicited a fee, kickback, commission,

gift, loan, money, and thing of value because of and with the

intent to be influenced with respect to BERNSTEIN's actions,

decisions, and other duties relating to a question and matter

concerning such plan, to wit, with the backing of IANNIELLO and

the assistance of NAPOLI, BERNSTEIN demanded and received regular

payments from the tenants of office space leased from Local 1181

— namely, the owners and operators of a medical center in

Jamaica, New York, which provided medical care to participants in

the Division 1181 A.T.U. — New York Welfare Fund.

(Title 18, United States Code, Sections 1954 and 2.)

## COUNT ELEVEN

(False Statements to Government Officials)

The Grand Jury further charges:

36. On or about July 7, 2005, in the Southern District

of New York and elsewhere, in a matter within the jurisdiction of

the executive branch of the Government of the United States,

MAURICE NAPOLI, the defendant, did unlawfully, willfully, and

knowingly falsify, conceal, and cover up by trick, scheme, and

device a material fact, and make a materially false, fictitious,

and fraudulent statement and representation, to wit, among other

35

things, NAPOLI falsely told agents of the Federal Bureau of
Investigation that he had never received any money from a certain
medical center in Jamaica, New York, and that he had never
conveyed any money to any official of Local 1181.

(Title 18, United States Code, Section 1001.)

### COUNT TWELVE

(Conspiracy to Operate an Illegal Gambling Business)

The Grand Jury further charges:

37.  From in or about 2000, up through and including in
or about July 2005, in the Southern District of New York and
elsewhere, CIRO PERRONE, JOHN YANNUCCI, SALVATORE ESPOSITO, a/k/a
"Zookie," JOSEPH QUARANTA, JOSEPH PICATAGGIO, and JOSEPH
YANNUCCI, a/k/a "Augie," the defendants, and others known and
unknown, unlawfully, willfully, and knowingly did combine,
conspire, confederate, and agree together and with each other to
commit an offense against the United States, to wit, to violate
Title 18, United States Code, Section 1955.

38.  It was a part and an object of this conspiracy
that CIRO PERRONE, JOHN YANNUCCI, SALVATORE ESPOSITO, a/k/a
"Zookie," JOSEPH QUARANTA, JOSEPH PICATAGGIO, and JOSEPH
YANNUCCI, a/k/a "Augie," the defendants, and others known and
unknown, unlawfully, willfully, and knowingly would and did
conduct, finance, manage, supervise, direct, and own all and part
of an illegal gambling business, namely, a large-scale illegal

36

card game operation, in violation of New York State Penal Law Sections 225.00 and 225.10, and which business involved five and more persons who conducted, financed, managed, supervised, directed, and owned all and part of it, and which business had been and remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Section 1955.

### Overt Acts

39.  In furtherance of this conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about December 11, 2004, JOHN YANNUCCI and JOSEPH PICATAGGIO spoke on the telephone about the illegal gambling business.

b.  On or about December 11, 2004, JOHN YANNUCCI spoke on the telephone with CIRO PERRONE about the illegal gambling business.

c.  On or about January 20, 2005, JOHN YANNUCCI and JOSEPH QUARANTA spoke on the telephone about a problem with the illegal gambling business.

d.     On or about January 25, 2005, JOHN YANNUCCI and JOSEPH QUARANTA gave an envelope to SALVATORE ESPOSITO, a/k/a "Zookie," containing proceeds from the illegal gambling business.

e.     On or about April 22, 2005, CIRO PERRONE, JOHN YANNUCCI, and JOSEPH QUARANTA met at Don Peppe Restaurant to discuss the illegal gambling business.

(Title 18, United States Code, Section 371.)

## COUNT THIRTEEN

(Conspiracy To Make Extortionate Extensions Of Credit)

The Grand Jury further charges:

40.     From at least in or about 2000, up through and including in or about July 2005, in the Southern District of New York and elsewhere, CIRO PERRONE, JOHN YANNUCCI, MICHAEL DELUCA, STEVE BUSCEMI, LEONARD CHETTI, RALPH SCOPO, JR., FRANK AMBROSIO, a/k/a "Twinny," JOHN VITALE, PAUL KAHL, JOHN AMBROSIO, and JOSEPH YANNUCCI, a/k/a "Augie," the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to make extortionate extensions of credit, as that term is defined in Title 18, United States Code, Section 891, to wit, the defendants and others operated a large-scale loansharking business.

(Title 18, United States Code, Section 892.)

38

## COUNT FOURTEEN

(Conspiracy To Use Extortionate Means
To Collect Extensions Of Credit)

The Grand Jury further charges:

41.   From at least in or about 2000, up through and
including in or about July 2005, in the Southern District of New
York and elsewhere, CIRO PERRONE, JOHN YANNUCCI, MICHAEL DELUCA,
STEVE BUSCEMI, LEONARD CHETTI, RALPH SCOPO, JR., FRANK AMBROSIO,
a/k/a "Twinny," JOHN VITALE, PAUL KAHL, JOHN AMBROSIO, and JOSEPH
YANNUCCI, a/k/a "Augie," the defendants, and others known and
unknown, unlawfully, willfully, and knowingly combined,
conspired, confederated, and agreed together and with each other
to participate in the use of extortionate means to collect and
attempt to collect extensions of credit from debtors, and to
punish such people for the non-repayment of said extensions of
credit, as those terms are defined in Title 18, United States
Code, Sections 891(5) and 891(7).

(Title 18, United States Code, Section 894.)

## FIRST FORFEITURE ALLEGATION

42.   The allegations contained in Counts One and Two of
this Indictment are repeated, realleged, and incorporated by
reference as though fully set forth herein for the purpose of
alleging forfeiture pursuant to the provisions of Title 18,
United States Code, Section 1963.   Pursuant to Rule 32.2, Fed.
R. Crim. P., notice is hereby given to the defendants that the

39

United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Counts One and/or Two of this Indictment.

43.   The defendants, MATTHEW IANNIELLO, a/k/a "Matty the Horse," CIRO PERRONE, JOHN YANNUCCI, SALVATORE ESPOSITO, a/k/a "Zookie," STEVE BUSCEMI, MICHAEL DELUCA, LEONARD CHETTI, and JULIUS BERNSTEIN, a/k/a "Spike,"

i.   have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

ii.   have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

iii.   have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States

40

Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

44. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), include but are not limited to:

a.   At least $1,000,000 in United States currency;

b.   Any and all interest of CIRO PERRONE and MICHAEL DELUCA, the defendants, in the real property and appurtenances known as 135-58 Lefferts Boulevard, Ozone Park, New York, including PERRONE and DELUCA's interest in the assets of the business operated thereon, Don Peppe Restaurant; and

c.   Any and all interest of JOHN YANNUCCI, the defendant, in one 2001 Lincoln Continental, VIN # 1LNHM97V91Y618042, registered to JOHN YANNUCCI.

Substitute Assets

45. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants-

a.   cannot be located upon the exercise of due diligence;

41

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant(s) up to the value of the forfeitable property, including but not limited to:

a.   Any and all right, title, and interest held by MATTHEW IANNIELLO, a/k/a "Matty the Horse," the defendant, in the real property and appurtenances known as 10 Tredwell Drive, Old Westbury, New York, registered in the names of Beatrice Ianniello, Kim Marie Ianniello, and Matthew Ianniello, Jr.;

b.   Any and all right, title, and interest held by CIRO PERRONE, the defendant, in the real property and appurtenances known as 84-29 153rd Avenue, Unit 2603, Howard Beach, New York, 11414, registered in the names of CIRO and Jennie PERRONE;

c.   Any and all right, title, and interest held by JOHN YANNUCCI, the defendant, in the real property and

42

appurtenances known as 3769 Whitebirch Court, Wantagh, New York, 11793, registered in the names of JOHN and Kathleen YANNUCCI.

d.   Any and all right, title, and interest held by SALVATORE ESPOSITO, a/k/a "Zookie," the defendant, in the real property and appurtenances known as 14 Crescent Lane, Albertson, New York, 11507, registered in the name of Marie ESPOSITO;

e.   Any and all right, title, and interest held by SALVATORE ESPOSITO, a/k/a "Zookie," the defendant, in the real property and appurtenances known as 1201 South Ocean Drive #901N, Hollywood, Florida, 33019, registered in the name of SALVATORE and Marie ESPOSITO;

f.   Any and all right, title, and interest held by STEVE BUSCEMI, the defendant, in the real property and appurtenances known as 1328 Lakeshore Drive, Massapequa Park, New York, registered in the name of STEVE and Paula BUSCEMI;

g.   Any and all right, title, and interest held by MICHAEL DELUCA, the defendant, in the real property and appurtenances known as 161-12 85th Street, Howard Beach, New York, 11414, registered in the names of MICHAEL and Emilia DELUCA; and

h.   Any and all right, title, and interest held by JULIUS BERNSTEIN, a/k/a "Spike," the defendant, in the real property and appurtenances known as 10 Roundtop Road, Yonkers, New York, registered in the name of Sonja BERNSTEIN.

46. The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations alleged above in Paragraphs Forty-two through Forty-Five.

(Title 18, United States Code, Section 1963.)

## SECOND FORFEITURE ALLEGATION

47.   The allegations contained in Count One, Counts Seven through Ten, and Counts Thirteen through Fourteen of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461 in the event of any defendant's conviction under any of Counts Seven through Ten or Counts Thirteen through Fourteen of this Indictment.

48.   As the result of committing one or more of the extortion, influencing the operations of an employee benefit plan, and loansharking offenses in violation of 18 U.S.C. §§ 371, 892, 894, 1951, and 1954 alleged in Counts Seven through Ten and Counts Thirteen through Fourteen of this Indictment, defendants MATTHEW IANNIELLO, a/k/a "Matty the Horse," CIRO PERRONE, JOHN

44

YANNUCCI, SALVATORE ESPOSITO, a/k/a "Zookie," STEVE BUSCEMI,

MICHAEL DELUCA, LEONARD CHETTI, JULIUS BERNSTEIN, a/k/a "Spike,"

MAURICE NAPOLI, JOSEPH YANNUCCI, a/k/a "Augie," RALPH SCOPO, JR.,

FRANK AMBROSIO, a/k/a "Twinny," JOHN VITALE, PAUL KAHL, and JOHN

AMBROSIO, the defendants, shall forfeit to the United States

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all

property, real and personal, that constitutes or is derived from

proceeds traceable to the violations of 18 U.S.C. §§ 371, 892,

894, 1951, and 1954, including but not limited to the following:

      a.    At least $1,000,000 in United States

currency, for which the defendants are jointly and severally

liable; and

      b.    Any and all interest of CIRO PERRONE, MICHAEL

DELUCA, and PAUL KAHL, the defendants, in the real property and

appurtenances known as 135-58 Lefferts Boulevard, Ozone Park, New

York, including PERRONE and DELUCA's interest in the assets of

the business operated thereon, Don Peppe Restaurant.

Substitute Assets

      49.  If any of the property described above as being

subject to forfeiture, as a result of any act or omission of the

defendant(s)-

      a.   cannot be located upon the exercise of due

diligence;

45

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the forfeitable property, including but not limited to:

a.   Any and all right, title, and interest held by MATTHEW IANNIELLO, a/k/a "Matty the Horse," the defendant, in the real property and appurtenances known as 10 Tredwell Drive, Old Westbury, New York, registered in the names of Beatrice Ianniello, Kim Marie Ianniello, and Matthew Ianniello, Jr.;

b.   Any and all right, title, and interest held by CIRO PERRONE, the defendant, in the real property and appurtenances known as 84-29 153rd Avenue, Unit 2603, Howard Beach, New York, 11414, registered in the names of CIRO and Jennie PERRONE;

c.   Any and all right, title, and interest held by JOHN YANNUCCI, the defendant, in the real property and

appurtenances known as 3769 Whitebirch Court, Wantagh, New York, 11793, registered in the names of JOHN and Kathleen YANNUCCI;

d.   Any and all right, title, and interest held by SALVATORE ESPOSITO, a/k/a "Zookie," the defendant, in the real property and appurtenances known as 14 Crescent Lane, Albertson, New York, 11507, registered in the name of Marie ESPOSITO;

e.   Any and all right, title, and interest held by SALVATORE ESPOSITO, a/k/a "Zookie," the defendant, in the real property and appurtenances known as 1201 South Ocean Drive #901N, Hollywood, Florida, 33019, registered in the name of SALVATORE and Marie ESPOSITO;

f.   Any and all right, title, and interest held by STEVE BUSCEMI, the defendant, in the real property and appurtenances known as 1328 Lakeshore Drive, Massapequa Park, New York, registered in the name of STEVE and Paula BUSCEMI;

g.   Any and all right, title, and interest held by MICHAEL DELUCA, the defendant, in the real property and appurtenances known as 161-12 85th Street, Howard Beach, New York, 11414, registered in the names of MICHAEL and Emilia DELUCA;

h.   Any and all right, title, and interest held by JULIUS BERNSTEIN, a/k/a "Spike," the defendant, in the real property and appurtenances known as 10 Roundtop Road, Yonkers, New York, registered in the name of Sonja BERNSTEIN;

i.  Any and all right, title, and interest held by MAURICE NAPOLI, the defendant, in the real property and appurtenances known as 1385 East 18th Street, Brooklyn, New York, registered in the name of MAURICE NAPOLI;

j.  Any and all right, title, and interest held by MAURICE NAPOLI, the defendant, in the real property and appurtenances known as 4824 New Utrecht Avenue, Brooklyn, New York, registered in the name of MAURICE NAPOLI;

k.  Any and all right, title, and interest held by MAURICE NAPOLI, the defendant, in the real property and appurtenances known as 415 Decker Hill Road, deeded as 166 Decker Road, Walkill, New York, registered in the name of MAURICE NAPOLI;

l.  Any and all right, title, and interest held by JOSEPH YANNUCCI, a/k/a "Augie," the defendant, in the real property and appurtenances known as 27 Iroquois Street, Massapequa, New York, 11758, registered in the names of JOSEPH J. and Joanne YANNUCCI.

m.  Any and all right, title, and interest held by RALPH SCOPO, JR., the defendant, in the real property and appurtenances known as 24 Harbor Drive, Blue Point, New York, registered in the name of RALPH SCOPO, JR.;

n.  Any and all right, title, and interest held by JOHN VITALE, the defendant, in the real property and

48

appurtenances known as 11 Pine Place, Glen Cove, New York,

registered in the names of JOHN VITALE and Bibi Husain-Vitale;

o.   Any and all interest of JOHN VITALE, the

defendant, in the real property and appurtenances known as 89-03

101st Avenue, Ozone Park, New York, including VITALE's interest

in the assets of the business operated thereon, John's Sunrise

Meat Market.

p.   Any and all right, title, and interest held by

PAUL KAHL, the defendant, in the real property and appurtenances

known as 85-09 151st Avenue, Apartment 1K, Ozone Park, New York,

11754, registered in the name of PAUL KAHL; and

q.   Any and all right, title, and interest held by

JOHN AMBROSIO, the defendant, in the real property and

appurtenances known as 79 Madison Street, Huntington, New York,

registered in the name of Rosara Ambrosio.

> (Title 18, United States Code, Sections 371, 891,
> 892, 894, 1001, 1503, 1951, and 1954, and Title 28,
> United States Code, Section 2461(c)).

### THIRD FORFEITURE ALLEGATION

50.   The allegations contained in Counts One and Twelve

of this Indictment are repeated, realleged, and incorporated by

reference as though fully set forth herein for the purpose of

alleging forfeiture pursuant to the provisions of Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461.   Pursuant to Rule 32.2, Fed. R. Crim.

P., notice is hereby given to the defendants that the United
States will seek forfeiture as part of any sentence in accordance
with Title 18, United States Code, Section 981(a)(1)(C), and
Title 28, United States Code, Section 2461 in the event of any
defendant's conviction under Count Twelve of this Indictment.

51.  As the result of committing one or more of the
gambling offenses in violation of 18 U.S.C. §§ 371 and 1955,
alleged in Count Twelve of this Indictment, defendants CIRO
PERRONE, JOHN YANNUCCI, SALVATORE ESPOSITO, a/k/a "Zookie,"
JOSEPH QUARANTA, JOSEPH PICATAGGIO, and JOSEPH YANNUCCI, a/k/a
"Augie," shall forfeit to the United States pursuant to 18 U.S.C.
§§ 981(a)(1)(C) and 1955 and 28 U.S.C. § 2461, any property,
including money used in the gambling offenses, and all property,
real and personal, that constitutes or is derived from proceeds
traceable to the violations of 18 U.S.C. §§ 371 and 1955,
including but not limited to the following:

a.    At least $10,000 in United States currency,
for which the defendants are jointly and severally liable;

b.    Any and all interest of CIRO PERRONE, the
defendant, in the real property and appurtenances known as 135-58
Lefferts Boulevard, Ozone Park, New York, including PERRONE's
interest in the assets of the business operated thereon, Don
Peppe Restaurant; and

50

c.   Any and all interest of JOHN YANNUCCI, the
defendant, in one 2001 Lincoln Continental, VIN #
1LNHM97V91Y618042, registered to JOHN YANNUCCI.

### Substitute Assets

52.   If any of the property described above as being
subject to forfeiture, as a result of any act or omission of the
defendant(s) -

a.   cannot be located upon the exercise of due
diligence;

b.   has been transferred or sold to, or deposited
with, a third party;

c.   has been placed beyond the jurisdiction of the
court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which
cannot be divided without difficulty;
it is the intention of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any
other property of the defendant(s) up to the value of the
forfeitable property, including but not limited to:

a.   Any and all right, title, and interest held by
CIRO PERRONE, the defendant, in the real property and
appurtenances known as 84-29 153rd Avenue, Unit 2603, Howard

51

Beach, New York, 11414, registered in the names of CIRO and Jennie PERRONE;

b.   Any and all right, title, and interest held by JOHN YANNUCCI, the defendant, in the real property and appurtenances known as 3769 Whitebirch Court, Wantagh, New York, 11793, registered in the names of JOHN and Kathleen YANNUCCI; and

c.   Any and all right, title, and interest held by SALVATORE ESPOSITO, a/k/a "Zookie," the defendant, in the real property and appurtenances known as 14 Crescent Lane, Albertson, New York, 11507, registered in the name of Marie ESPOSITO;

d.   Any and all right, title, and interest held by SALVATORE ESPOSITO, a/k/a "Zookie," the defendant, in the real property and appurtenances known as 1201 South Ocean Drive #901N, Hollywood, Florida, 33019, registered in the name of SALVATORE and Marie ESPOSITO;

e.   Any and all right, title, and interest held by JOSEPH QUARANTA, the defendant, in the real property and appurtenances known as 107 Barnes Road, Manorville, New York, 11949, registered in the names of JOSEPH and Donna QUARANTA; and

f.   Any and all right, title, and interest held by JOSEPH YANNUCCI, a/k/a "Augie," the defendant, in the real property and appurtenances known as 27 Iroquois Street,

52

Massapequa, New York, 11758, registered in the names of JOSEPH J.

and Joanne YANNUCCI.

      (Title 18, United States Code, Sections 371 and 1955,
      and Title 28, United States Code, Section 2461(c)).


_____
FOREPERSON

_____
DAVID N. KELLEY
United States Attorney