UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA,         :
                                  :
        -v.-                      :
                                  :    05 Cr. 774 (KMW)
Matthew Ianniello, et al.,        :
                                  :
        Defendants.               :
                                  :
- - - - - - - - - - - - - - - - - x

WOOD, U.S.D.J.:

    Defendant Matthew Ianniello has filed, months in advance of his scheduled trial, a motion for disclosure of what he deems Brady material, but is more accurately described as Giglio material. Compare Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (exculpatory evidence must be produced for use by the defendant when requested) with Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (impeachment evidence for use against government trial witnesses must be produced in time for use at trial). He offers no support for why he should receive the requested material now except citations to dicta about the importance of Brady disclosure, and to the trial practice rules of other districts. The Court is unpersuaded. Based on the law of this Circuit, as articulated in United States v. Coppa, 267 F.3d 132 (2d Cir. 2001), the requested material does not need to be turned over until at or near the time of trial. Indeed, to order certain requested

1

materials to be produced at this time would be in profound tension with the Jencks Act. Id. at 137.

Ianniello argues that the government is being permitted to make independent determinations as to the timing and need for production without oversight by the Court, and that the government does not recognize the time he needs to independently investigate impeachment evidence. See, e.g. Defendant's Reply Memorandum at 2. The Court understands the basis for his concerns, but they are misplaced. Ianniello has been quite clear in his desire to have time to investigate any potentially exculpatory evidence. It is of course the Court's responsibility to assure that all necessary materials are produced with adequate time for investigation; and if the government fails to satisfy its obligations to do so, the Court must assure that the defendant is in no way prejudiced by the government's failure. However, contrary to Ianniello's contentions, this responsibility does not require the Court to impose a novel production schedule on the government (contrary to the Jencks Act and Circuit law).

The government has represented to the Court that all material will be produced in a timely manner, and far enough in advance of trial to permit "*full exploration and exploitation by the defense,*" Grant v. Alldrege, 498 F.2d 376, 382 (2d Cir. 1974), and *without requiring trial delay*. Should this not occur,

the Court will take any action necessary to protect Ianniello's constitutional rights.

Defendant's motion is hereby denied.

SO ORDERED.

Dated: New York, New York
December 14, 2005

_Kimba M. Wood_
Kimba M. Wood
United States District Judge