LAW OFFICES OF
# JAY GOLDBERG, P.C.

250 PARK AVENUE
TWENTIETH FLOOR
NEW YORK, NY 10177-0077

TELEPHONE (212) 983-6000
TELECOPIER (212) 983-6008

June 1, 2006

Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE:   <u>United States v. Ianniello et al, 05 Cr. 774 (KMW)</u>

Dear Judge Wood:

      This letter deals with a number of subjects. <u>First</u>, the identification of inaudible recordings made of conversations made at the Don Pepe restaurant (a list is enclosed). We have identified just a small number - among many others - of inaudible sessions. The total number of sessions number in excess of 2100. The Government has turned over draft transcripts related to 57 sessions, and identified 10 additional sessions for which there are <u>no</u> draft transcripts. The question remains whether there would be a need for another audibility hearing since, as noted, there are no transcripts for a number of the sessions.

      <u>Second</u>, an application to suppress the body of recordings made at the Done Pepe restaurant on the authority of Second Circuit cases cited by Judge Kahn in <u>United states v. Yevakpor</u>, 419 F.Supp.2d 242. Relevant to this, as well as the question of audibility, would be the testimony of Thomas Carroll as to the manner chosen by the Government to make the recordings which contributed to their lack of audibility. Thomas Carroll has functioned since 1972, except for one or two times, always as a Government expert.

      <u>Third</u>, an application to continue this case in order to set a new trial date. This branch of our application is also supported by Mr. Carroll's report of December 27, 2005, in which he sets forth the difficulty in attempting to enhance any material portion of the recordings and the time that would be needed to attempt to do so, as well as to make an effort to comprehend the conversations.

With respect to the application to set a new trial date, we recognize that expedition in the trial of criminal cases is a laudable goal, but as all know, justice is still the main function of a Court. One cannot achieve justice, we respectfully submit, if a case proceeds to trial on the basis of what the Government, in its wisdom, turns over to the defendant or on the basis of conversations the Government is able to discern from a mass of recordings created using methods they have chosen which heighten inaudibility. As the court is well aware, a defendant must be afforded an opportunity to prepare on the basis of what it obtains from the Government, as well as what it alone discovers. To believe, in light of Mr. Carroll's report, that all of this could be accomplished by September 5, 2006 is difficult to comprehend.

This will be a lengthy trial. The Second Circuit has warned of the risk of a defendant being pressed into trial without adequate time to prepare. Stans v. Gagliardi, 485 F.2d 1290 (2nd Cir. 1973).

Respectfully,

Jay Goldberg

cc: Timothy Treanor
    Assistant United States Attorney
    All counsel

SAMPLES OF INAUDIBLE RECORDINGS

| | | |
|---|---|---|
| Session | 71 | 11/4/04 |
| | 73 | 11/4/04 |
| | 106 | 11/9/04 |
| | 144 | 11/11/04 |
| | 145 | 11/11/04 |
| | 246 | 11/23/04 |
| | 247 | 11/23/04 |
| | 256 | 11/30/04 |
| | 284 | 11/30/04 |
| | 319 | 12/2/04 |
| | 413 | 12/14/04 |
| | 437 | 12/14/04 |
| | 478 | 12/17/04 |
| | 10 | 1/13/05 |
| | 390 | 2/10/05 |
| | 780 | 3/22/05 |
| | 836 | 3/24/05 |
| | 1328 | 5/10/05 |
| | 62 | 11/4/04 |
| | 64 | 11/4/04 |
| | | |
| | 470 | 12/17/04 |
| | 511 | 2/17/05 |
| | 464 | 12/17/04 |
| | 360 | 12/7/04 |
| | 120 | 1/21/05 |
| | 316 | 2/3/05 |
| | 419 | 2/11/05 |
| | 579 | 2/22/05 |
| | 1030 | 4/12/05 |
| | 401 | 12/9/04 |
| | 119 | 1/21/05 |
| | 167 | 1/27/05 |
| | 352 | 2/8/05 |
| | 819 | 3/24/05 |
| | 820 | 3/24/05 |
| | 1003 | 4/12/05 |
| | 534 | 12/22/04 |
| | 1024 | 4/12/05 |