LAW OFFICES OF

JAY GOLDBERG, P.C.

250 PARK AVENUE
TWENTIETH FLOOR
NEW YORK, NY 10177-0077

TELEPHONE (212) 983-6000
TELECOPIER (212) 983-6008

June 16, 2006

Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> RE:   *United States v. Ianniello et al*, 05 Cr. 774 (KMW)

Dear Judge Wood:

The government's list comes 14 days late. But aside from that, there are more basic problems with their position.

If the Government is going to conduct electronic surveillance, and it listened to the fruits thereof on a periodic basis, as it no doubt did, and realized that the quality was unsatisfactory to capture what experts tell us could be better secured by the use of a Toys R Us tape recorder, the Government does, we submit, face an insurmountable problem. What right does the Government have to assume there is nothing relevant on the upwards of 2000 conversations that remain?

Your Honor has not set forth the procedure for the audibility hearing, but we would proffer as our first witness Thomas Carroll to testify that the Government's method of recording was patently deficient and should have been noticed the first time a portion of the electronic surveillance was played back. Being on notice that a toy store recorder would be a far better electronic surveillance device, the Government is at fault in not preserving conversations and sounds, leaving enormous inaudibles, unidentified remarks and persons, and words. Judge Kahn said it best as to the need for suppression, as did the Second Circuit in the cases he cited. This is a case where, if the court hears Mr. Carroll, with the Government having the right of confrontation, the inescapable conclusion will be that the conversations are inaudible.

Mr. Carroll's testimony is essential, but if the court chooses not to hear him we would ask that his letter be marked for identification and considered as an Offer of Proof under FRE 103. Fault we ascribe to the Government, and that distinguishes this case from <u>Yevakpor</u>. This is not a case where some tapes are audible and the same amount are inaudible. We face the prospect of searching out some expert to determine whether upwards of 2000 tapes are audible in any material respect and then face the enormous task outlined by Mr. Carroll in his letter. If we are to go to trial solely on the basis of the Government's turnover and be responsible for failing to zealously protect our client's rights by trying our best to decipher the remaining conversations, we will have to face the prospect of a trial that does not in our view accord with the fundamental concept of due process and the right to a fair trial.

These are strident words, but the fault is not ours; rather, the blame rests with the Government. The only way the case can be ready for trial is to suppress the conversations and charge the Government with a negative inference by conduct that constitutes spoliation of evidence in the lack of preservation of proof.

Respectfully,

Jay Goldberg

cc:   Timothy Treanor
      Assistant United States Attorney
      All counsel