U.S. Department of Justice

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/06

September 20, 2006

**BY HAND**

Honorable Kimba M. Wood
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: **United States v. Ciro Perrone, et al.**
> **S2 05 Cr. 774 (KMW)**

Dear Chief Judge Wood:

The Government respectfully submits this letter in advance of the testimony of John Vitale, to move to preclude cross-examination into the witness's prior drug and alcohol use, from approximately 15 years ago, and a conviction for possession of cocaine on May 16, 1983.

A. Applicable Law

Federal Rule of Evidence 608(b) provides that specific instances of the prior conduct of a witness "may not be proved by extrinsic evidence," and may be inquired into on cross-examination only in the discretion of the court, and only when such prior conduct is "probative of truthfulness or untruthfulness."

Consistent with the explicit limitations of Rule 608(b), the Second Circuit has restricted cross-examination to prior acts that are directly probative of truthfulness. See, e.g., Hynes v. Coughlin, 79 F.3d 285, 293 (2d Cir. 1996) (collecting cases in which Second Circuit has permitted cross-examination on prior acts of untruthfulness, including attorney-witness's disbarment; attorney-witness's failure to disclose arrest on bar application; witness's prior untruthful testimony to immigration judge; and witness's fraud, bribery and embezzlement) (citations omitted); United States v. Crowley, 318 F.3d 401, 417 (2d Cir. 2003) (Rule 608 permits cross-examination about prior false accusations by witness); United States v. Jones, 900 F.2d 512, 521 (2d Cir. 1990) (permitting cross-examination based on witness's prior, intentional false statements). Rule 608(b) "is intended to be restrictive . . . the rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness." United States v. Nelson, 365 F.Supp.2d 381, 386 (S.D.N.Y. 2005) (citations omitted). Thus, for example, the Second Circuit has held that prior acts of violence - including murder - are usually not probative of truthfulness, and properly excluded under Rule 608. United States v. Flaharty, 295 F.3d 182, 191 (2d Cir. 2002) ("murder

generally is not a crime of dishonesty"). Indeed, the Second Circuit has never adopted an all-inclusive view that all criminal acts - even severe ones - are by nature dishonest, and hence subject to cross-examination under Rule 608(b). Nor would such a ruling be in keeping with the explicit limitations set forth in Rule 608.

Federal Rule of Evidence 609 governs use of a witness's prior convictions to impeach credibility. The Rule provides that, "for the purpose of attacking the credibility of a witness," evidence of a prior felony conviction is admissible only "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Where a witness has been convicted of a crime that "involved dishonesty or false statement," evidence of that crime is admissible regardless of the punishment. Fed. R. Evid. 609(a)(2).

Evidence of convictions that are more than ten years old cannot be admitted "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). The rationale behind the presumption against use of old convictions is that convictions "have more probative value as they become more recent." United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) (citing cases).

B. Discussion

There is no basis to inquire into Vitale's prior drug and alcohol abuse, or prior drug conviction, under either Rule 608 or 609. Neither drug use nor a conviction for drug possession relates in the least to the defendant's credibility, and as such is not a proper area for cross-examination. See, e.g., United States v. Wilson, 244 F.3d 1208, 1218 (10th Cir.2001) ("drug crimes ... have no relation to truth or untruth"); United States v. McDonald, 905 F.2d 871, 875 (5th Cir. 1990) ("drug use is not probative of truthfulness.").

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: *[signature]*
Benjamin Gruenstein/Elie Honig
Assistant United States Attorneys
Tel. No.: (212) 637-2315/2474

*[Handwritten note:]* If defense counsel wish to contest the prosecutor's position taken in this letter, they shall fax to me court letter(s) by 9-25-06 stating the basis for their disagreement.

cc: All defense counsel (by fax)

SO ORDERED, N.Y., N.Y. 9-22-06

*[signature]*
KIMBA M. WOOD
U.S.D.J.